UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL NIETO,<br><br>    Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON, et al.,<br><br>    Defendants. | Case No. 22-cv-06983-JST<br><br>**ORDER OF PARTIAL SERVICE; DISMISSING CERTAIN CLAIMS WITH LEAVE TO AMEND** |

Plaintiff, an inmate at California State Prison - Solano, has filed a *pro se* action pursuant to 42 U.S.C. § 1983, regarding events that occurred at Correctional Training Facility ("CTF") in Soledad, California, where he was previously housed. Now before the Court for review under 28 U.S.C. § 1915A is Plaintiff's complaint, ECF No. 1. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not

necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.* To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Complaint**

The complaint names as defendants California Department of Corrections and Rehabilitation ("CDCR") Secretary Kathleen Allison, Salinas Valley State Prison Warden Trent Allen, and the following CTF prison officials: Warden Hernandez, Institutional Gang Investigations ("IGI") Sergeant J. Peefley, former Warden Koenig, ISU Officer Z. Brown, ISU/IGI Officer Orozco, Captain K. Binning, Appeals Coordinator R. Monroy, C-Wing Officer Pequino, C-Wing Officer Alvarez, ISU Sergeant Vera, B-Wing Officer Levine, B-Wing Officer Aceves, B-Wing Officer G. Nagma, B-Wing Officer Jiminez, Sergeant Perez, Search & Escort Officer T. Taylor, Search & Escort Officer Singh, Sergeant/Lieutenant M. Magallon, Captain Handley, Senior Hearing Officer/Sergeant D. McDonald, Associate Warden K. Green, Associate Warden A. Vasquez, Cadet Tour John Does 1-9, and John Does 10-12. However, the complaint makes no factual allegations regarding Defendants Hernandez, Koenig, or Vera. And in the body of the complaint, the complaint names the following additional defendants: Diaz, Wilson, Padilla, and Flores.

The complaint alleges three causes of action.

    **1.     First Cause of Action**

        **A)     Factual Allegations**

The first cause of action makes the following factual allegations. On April 28, 2021,

2

1    Defendant Peefley sexually harassed Plaintiff when, during a body search, Defendant Peefley
2    reached into Plaintiff's shorts and boxers; grabbed Plaintiff's penis and testicles and squeezed
3    them while laughing, saying "We got a real gang member right here;" and then forcefully pulled
4    Plaintiff's shorts down, exposing Plaintiff's genitals to everyone.  Defendants Brown and Orzoco
5    and John Does 1-9 Cadets witnessed the sexual harassment, did nothing to stop it, and did not
6    report it.  Defendants Binning, Diaz, Green, and Allison are liable for Defendant Peefley's sexual
7    assault because it was a result of their failure to adequately supervise their subordinates.
8    Defendant Wilson knew of the violation and failed to report it.  ECF No. 1 at 4-6.

9    Immediately following the sexual assault, Defendant Peefley walked Plaintiff to a mural he
10   had painted and asked if Plaintiff had painted an Aztec13 gang symbol in the mural; accused
11   Plaintiff of trying to show his loyalty to La Raza; and told Plaintiff that he would write Plaintiff up
12   for destroying state property, that he would affix the STG designation to Plaintiff and that Plaintiff
13   would have to pay for the paint to cover the mural.  Plaintiff is a Mexican inmate who has been
14   validated as a gang member by the prison classification system, but has never committed any
15   gang-related activities in CTF.  ECF No. 1 at 7-8.

16   Defendant Brown issued Plaintiff a rules violation report, CDC Form 115 ("RVR"), for the
17   alleged gang symbol, even though Defendant Brown had never spoken to Plaintiff.  Although the
18   RVR stated that an investigation had been conducted, no one interviewed D. Ratliff, the other
19   inmate involved in conceptualizing, planning, and painting the mural.  Inmate Ratliff is African-
20   American and was the person who outlined the heart in white.  The failure to investigate the RVR
21   shows that the RVR was "simply racially motivated, bias, and discriminatory."  Plaintiff was
22   targeted simply because he is a validated Mexican inmate.  ECF No. 1 at 9.

23   **B)     Legal Claims**

24   The first cause of action alleges that these actions and inactions violated Plaintiff's Eighth
25   Amendment right to be free from cruel and unusual punishment and Plaintiff's right to due process
26   and equal protection under the Fourteenth Amendment.

27   The allegation that Defendant Peefley sexually harassed or assaulted Plaintiff states a
28   cognizable Eighth Amendment claim against Defendant Peefley.  *Bearchild v. Cobban*, 947 F.3d

1130, 1144 (9th Cir. 2020) ("A prisoner presents a viable Eighth Amendment claim where he or she proves that a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner.").

However, the allegations regarding the alleged sexual assault do not state an Eighth Amendment claim against Defendants Brown, Orzoco, Wilson, Binning, Diaz, Green, Allison, and John Does Cadets 1-9 because these defendants did not sexually assault Plaintiff or otherwise cause the alleged sexual assault. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) "(A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which the plaintiff complains.") (internal quotation marks and citation omitted; emphasis in original); *see also id.* ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."). To the extent that Plaintiff has named Binning, Diaz, Green, and Allison as defendants because they are supervisors, Plaintiff is cautioned that there is no supervisory liability under Section 1983. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Knowledge and acquiescence of a subordinate's misconduct is insufficient to establish liability; each government official is only responsible for his or her own misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). To state a claim for relief under Section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that (1) the supervisor(s) proximately caused the deprivation of rights of which Plaintiff complains, *see Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981); or (2) the supervisor(s) failed to properly train or supervise personnel resulting in the alleged deprivation, *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F. 2d 675, 680 (9th Cir. 1984); (3) the alleged deprivation resulted from a custom or policy for which each of the supervisor(s) was or were responsible, *see id.*; or (4) the supervisor(s) knew of the alleged misconduct and failed to act to prevent future misconduct, *Taylor*, 880 F.2d at 1045. A

formulaic recitation of the elements of supervisory liability fails to state a claim under Section 1983, as does a conclusory statement of "failure-to-supervise."

The allegations in the first cause of action do not state a cognizable due process claim because these incidents did not effect a change in Plaintiff's prison conditions so severe as to affect his sentence in an unexpected manner and did not subject Plaintiff to an atypical and significant hardship in relation to the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (due process clause implicated when correctional officer's action causes a change in conditions so severe as to affect inmate's sentence in an unexpected manner, results in restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or has inevitable effect on duration of sentence).

The allegations in the first cause of action does not state a cognizable equal protection claim because there is no allegation that Plaintiff was treated differently from other similarly situated persons. *Monteiro v. Tempe Union High School Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998) (plaintiff alleging denial of equal protection under 42 U.S.C. § 1983 based on race or other suspect classification must plead intentional unlawful discrimination or allege facts at least susceptible of inference of discriminatory intent); *see also Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (to state equal protection claim, plaintiff must allege that defendant state actor acted at least in part because of plaintiff's membership in protected class). Defendant Peefley's sexual assault was not motivated by Plaintiff's membership in a protected class. Nor did the false accusation constitute differential treatment. Discriminatory intent cannot be inferred from the failure to issue inmate Ratliff an RVR because, while inmate Ratliff also designed and painted the mural, there is no allegation that the mural contained a gang symbol related to an African-American gang.

In summary, with respect to the first cause of action, the Court finds that the complaint's allegation that Defendant Peefley sexually assaulted or harassed Plaintiff on April 28, 2021, states a cognizable Eighth Amendment allegation. The Court dismisses the remainder of this cause of action with leave to amend.

**2.      Second Cause of Action**

**A)      Factual Allegations**

The second cause of action makes the following factual allegations.

Plaintiff reported the alleged sexual assault to the Monterey Rape and Crisis Center on both April 28, 2021 and May 1, 202.  An advocate from the center called the prison soon thereafter.  Plaintiff also filed a grievance regarding the sexual assault on April 30, 2021; filed a Prison Rape Elimination Act ("PREA") complaint; and reported the sexual assault to Defendant Padilla on May 7, 2021.  ECF No. 1 at 8, 11.

Prison officials retaliated against Plaintiff for reporting the sexual assault as follows.

- Plaintiff was moved twice after filing his PREA complaint.

- The power in Plaintiff's cell was cut off at midnight even though he uses a CPAP breathing machine and a "DO NOT TURN OFF" sign is posted next to the power breaker switch.

- On April 30, 2021, Defendants Pequino and Alvarez denied Plaintiff's requests to see mental health, even though Plaintiff informed them that he was in a mental health crisis.  On May 8, 2021, Defendants Pequino and Alvarez refused to release Plaintiff to Mental Health and Plaintiff's clinician had to physically walk to Plaintiff's dorm to get Plaintiff out.

- On May 1, 2021, Defendant Wilson served a rules violation report on Plaintiff.

- Defendant McDonald found Plaintiff guilty of an RVR authored by Plaintiff's abuser, Defendant Peefley.

- Plaintiff suspects that after he reported the sexual assault to Defendant Padilla on May 7, 2021, Defendant Padilla may have violated Plaintiff's confidentiality by informing five other correctional officials of the sexual assault.

- On May 27, 2021, Defendant Perez opened Plaintiff's cell door and said, "Who's Nieto?  Whatever happened in the hallway, you better remember it was an accident, or, sabes,"[1] clearly urging Plaintiff to drop the sexual assault claim.  Plaintiff filed a grievance against Perez that same day.  Defendant appeals coordinator Monray did not process this grievance.

- Prison officials conspired to cover up the sexual assault at the administrative level in the following manner.  Defendant Monray screened out the PREA complaint; Defendants Bining, Diaz, Wilson, Orozco, Peefley and Brown refused to follow the PREA guidelines after receiving notice of Plaintiff's sexual assault claim on May 31, 2021; and Defendant Associate Warden Vasquez illegally denied the PREA complaint.

---

[1] "Sabes is Spanish for 'you know.'"  ECF No. 1 at 12.

1
2
3
4

- Defendants Levine and Aceves moved Plaintiff to gym on the pretext that Plaintiff was COVID positive.  Plaintiff informed them that he suffered from hypertension and used a CPAP and therefore required access to a power outlet and to be separated from symptomatic inmates.  Despite promised to accommodate Plaintiff's needs, but Defendants Levine and Aceves never relocated Plaintiff or granted him access to his CPAP machine.  Plaintiff filed a grievance against Defendants Levine and Aceves and his power was turned off in retaliation.  ECF No. 1 at 11-12.

ECF No. 1 at 11-12.

### B)     Legal Claims

For the second cause of action, in answering what constitution or other federal civil right was violated, Plaintiff writes: "First Amendment, Eighth Amendment, and Fourteenth Amendment."  However, the supporting facts do not directly reference these amendments, only stating that Plaintiff was subject to retaliation.  As explained below, the Court finds that, with respect to the second cause of action, the Court finds that the second cause of action states a cognizable First Amendment retaliation claim against Defendant Perez.  The Court dismisses the remainder of this cause of action with leave to amend.

### 1)     First Amendment Claim - Retaliation

The second cause of action's allegations that, on May 27, 2021, Defendant Perez opened Plaintiff's cell door, asked for Plaintiff by name, and told Plaintiff to remember that the hallway incident was an accident, implying that Plaintiff should drop the sexual assault claim, states a cognizable First Amendment retaliation claim.  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.") (footnote omitted).

The remaining allegations, however, do not state First Amendment retaliation claims for the following reasons.

With respect to the allegation that Plaintiff was moved twice after his PREA complaint and that his power was cut off one night, Plaintiff does not identify which defendant(s) moved him or cut off his power.

7

With respect to the allegations that Defendants Pequino and Alvarez denied Plaintiff's requests to see mental health and refused to release him for a mental health appointment, that Defendant Wilson served Plaintiff with an RVR, that Defendant McDonald found Plaintiff guilty of an RVR authored by his abuser, and that Defendants Levine and Aceves moved Plaintiff to the gym and failed to accommodate his needs, there is no allegation that these defendants knew of Plaintiff's protected activity, much less any factual allegation from which it can be inferred that these defendants' actions were because of Plaintiff's protected activity. Because these defendants were not involved in the alleged sexual assault, the proximity in time between the alleged sexual assault and their actions are insufficient to state a First Amendment retaliation claim.

The allegation that Defendants Levine and Aceves cut off Plaintiff's power in retaliation for Plaintiff filing a grievance may state a claim for First Amendment retaliation. However, it is unclear when Plaintiff was moved to the gym by Defendants Levine and Aceves, when Plaintiff filed the complaint against Defendants Levine and Aceves, and when Plaintiff's power was cut off. If Plaintiff was housed in the gym, it is unclear how his power was cut off.

The allegation that Defendant Padilla may have violated Plaintiff's confidentiality is based solely on speculation and therefore fails to state a cognizable First Amendment retaliation claim.

The allegation that Defendants Monray, Bining, Diaz, Wilson, Orozco, Peefley, Brown, and Vasquez mishandled the PREA complaint fails to state a cognizable First Amendment retaliation claim because the supporting allegations are vague. Plaintiff alleges that Defendant Monray improperly screened out his PREA complaint, but does not explain how the PREA complaint was incorrectly screened out. Moreover, it appears that the PREA complaint was not screened out, as it was received by Defendant Associate Warden Vasquez. It is also unclear what PREA guidelines were not followed by Defendants Bining, Diaz, Wilson, Orozco, Peefley and Brown. Finally, it is unclear how Defendant Vasquez's denial of the PREA complaint was "illegal."

**2)   Eighth Amendment and Fourteenth Amendment Claim**

Plaintiff has not identified how his rights under the Eighth Amendment or Fourteenth Amendment were violated. If Plaintiff is alleging that the alleged retaliation constituted cruel and

unusual punishment in violation of the Eighth Amendment, he must explain how the alleged retaliation constituted cruel and unusual punishment. Generally speaking, the cruel and unusual punishment prohibited by the Eighth Amendment refers to the use of excessive force or the deprivation of basic necessities. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (Eighth Amendment places restraints on prison officials, who may not, for example, use excessive force against prisoners); *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (Eighth Amendment requires prison officials to provide prisoners with basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety). If Plaintiff is alleging that the alleged retaliation violated his due process rights, that claim fails as a matter of law because Plaintiff's challenges to the alleged retaliation are covered by the First Amendment and therefore should be challenged solely under the rubric of the First Amendment. *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997) ("if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process."); *see also Albright v. Oliver*, 510 U.S. 266, 273 (1994) (plurality opinion) ("Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.'") (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)).

### 3. Third Cause of Action

The Court dismisses the third cause of action without prejudice because it violates the joinder rule set forth in Fed. R. Civ. P. 20(a)(2). The third cause of action alleges that on March 11, 2022, Defendant Nagma gave Plaintiff a rules violation report authored by Defendant Jiminez that falsely alleged that Plaintiff had refused another bed move; that when Plaintiff challenged the RVR, Defendants Magallon, Taylor, and Singh used excessive force on him; that Defendant John Doe 10 threatened Plaintiff when he said he wanted to report the excessive force and retaliation; that Defendants John Does 10 and 11 refused to videotape his injuries; that Defendant Hendley refused his request for a rules violation hearing and delayed filming Plaintiff's injuries; and that Defendant SVSP warden Allen failed to respond to Plaintiff's letter informing him that Defendant

1  Perez, who had been employed at CTF and was now employed at SVSP, was threatening to
2  retaliate against Plaintiff. *See generally* ECF No. 1 at 17-18. Plaintiff's claims against
3  Defendants Nagma, Jiminez, Magallon, Taylor, Singh, John Does 10 and 11, Hendley, and Allen
4  arise from a separate occurrence than the alleged April 28, 2021 sexual assault and the alleged
5  subsequent retaliation. Fed. R. Civ. P. 20(a)(2) provides that all persons "may be joined in one
6  action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the
7  alternative with respect to or arising out of the same transaction, occurrence, or series of
8  transactions or occurrences; and (B) any question of law or fact common to all defendants will
9  arise in the action." Fed. R. Civ. P. 20(a)(2). The upshot of these rules is that "multiple claims
10 against a single party are fine, but Claim A against Defendant 1 should not be joined with
11 unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).
12 Plaintiff must file a separate action to pursue his claim regarding Officers Nagma, Jiminez,
13 Magallon, Taylor, Singh, John Does 10 and 11, Hendley, and Allen's actions on March 11, 2022
14 and afterwards. Defendants Nagma, Jiminez, Magallon, Taylor, Singh, John Does 10 and 11,
15 Hendley, and Allen are DISMISSED from this action without prejudice to Plaintiff filing a
16 separate action against them.

## CONCLUSION

For the reasons set forth above, the Court orders as follows.

1. The following defendant(s) shall be served: Correctional Training Facility Correctional Sergeants J. Peefley and Perez.

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners in the CDCR's custody. In accordance with the program, the Clerk is directed to serve on the CDCR via email the following documents: the operative complaint (ECF No. 1), this order of service, a CDCR Report of E-Service Waiver form and a summons. The Clerk also shall serve a copy of this order on the Plaintiff.

No later than 40 days after service of this order via email on the CDCR, the CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which

1  defendant(s) listed in this order will be waiving service of process without the need for service by
2  the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or
3  could not be reached.  The CDCR also shall provide a copy of the CDCR Report of E-Service
4  Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court
5  a waiver of service of process for the defendant(s) who are waiving service.

6  Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each
7  defendant who has not waived service according to the CDCR Report of E-Service Waiver a
8  USM-205 Form.  The Clerk shall provide to the USMS the completed USM-205 forms and copies
9  of this order, the summons, and the operative complaint for service upon each defendant who has
10 not waived service.  The Clerk also shall provide to the USMS a copy of the CDCR Report of E-
11 Service Waiver.

12 2.      The complaint's allegation that Defendant Peefley sexually harassed or assaulted
13 Plaintiff states a cognizable Eighth Amendment claim against Defendant Peefley.  The
14 complaint's allegation that, on May 27, 2021, Defendant Perez opened Plaintiff's cell door, asked
15 for Plaintiff by name, and told Plaintiff to remember that the hallway incident was an accident,
16 implying that Plaintiff should drop the sexual assault claim, states a cognizable First Amendment
17 retaliation claim against Defendant Perez.

18 3.      The Court DISMISSES the third cause of action without prejudice because it
19 violates the joinder rule set forth in Fed. R. Civ. P. 20(a)(2), and DISMISSES Defendants Nagma,
20 Jiminez, Magallon, Taylor, Singh, John Does 10 and 11, Hendley, and Allen from this action
21 without prejudice to Plaintiff filing a separate action against them.

22 4.      The Court dismisses the remainder of the complaint with leave to amend to address
23 the deficiencies identified above, if Plaintiff can truthfully do so.  If Plaintiff wishes to file an
24 amended complaint, Plaintiff shall file an amended complaint within twenty-eight (28) days of the
25 date of this order that addresses the identified deficiencies.  The amended complaint must include
26 the caption and civil case number used in this order, Case No. C 22-06893 JST (PR) and the words
27 "AMENDED COMPLAINT" on the first page.  If using the court form complaint, Plaintiff must
28 answer all the questions on the form in order for the action to proceed.  An amended complaint

11

completely replaces the previous complaints. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012). Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, including the claims found cognizable above and the defendants served above. Plaintiff may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order in the time provided will result in ECF No. 1 remaining the operative complaint and this action proceeding solely on the claims found cognizable above and the defendants ordered served above. The Clerk shall include four copies of the court's complaint form with a copy of this order to Plaintiff.

     5.    In order to expedite the resolution of this case, the Court orders as follows:

          a.    No later than 91 days from the date this order is filed, Defendant(s) must file and serve a motion for summary judgment or other dispositive motion. If Defendant(s) is(are) of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[2]

          b.    Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendant(s) no later than 28 days from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Defendant(s) shall file a reply brief no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on

---

[2] If Defendant(s) assert(s) that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendant(s) must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

the motion.

6. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A). (The *Rand* notice above does not excuse Defendants' obligation to serve said notice again concurrently with a motion for summary judgment. *Woods*, 684 F.3d at 939).

7. All communications by Plaintiff with the Court must be served on Defendants' counsel by mailing a true copy of the document to Defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until Defendants' counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendants but once Defendants are represented by counsel, all documents must be mailed to counsel rather than directly to Defendants.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

9. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely

fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

10. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.  Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated:  August 8, 2023



_____
JON S. TIGAR
United States District Judge