UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL NIETO,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>KATHLEEN ALLISON, et al.,<br><br>　　　　　Defendants. | Case No. 22-cv-06983-JST<br><br>**ORDER GRANTING EXTENSION OF TIME TO FILE AMENDED COMPLAINT; DENYING REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>Re: ECF Nos. 18, 19 |

Plaintiff, an inmate at California State Prison – Solano, has filed a *pro se* action pursuant to 42 U.S.C. § 1983, regarding events that occurred at Correctional Training Facility ("CTF"), where he was previously housed. Now before the Court are Plaintiff's request for an extension of time to file an amended complaint, ECF No. 18, and his request for appointment of counsel, ECF No. 19.

Good cause being shown, Plaintiff's request for an extension of time to file his amended complaint is GRANTED. ECF No. 18. If Plaintiff wishes to file an amended complaint, he shall file the amended complaint by October 30, 2023. Failure to file an amended complaint by this date will result in ECF No. 1 remaining the operative complaint and this action proceeding solely on the claims found cognizable in the Court's August 8, 2023 Order, and the defendants ordered served in that order.

Plaintiff has requested appointment of counsel, arguing that counsel is necessary because he is the mental health program; has been diagnosed with PTSD and depression; is on medication; suffers from insomnia, chronic pain in the hands, wrists, back, knees and feet, making it painful to meet court deadlines; and suffers trauma from the sexual assault, making it difficult to go over the details of the event. ECF No. 19. The Court DENIES Plaintiff's requests for appointment of counsel for failure to demonstrate exceptional circumstances. There is no constitutional right to

counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). However, a court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Appointing counsel is within the court's discretion and is granted only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (referring to 28 U.S.C. § 1915(d), which was subsequently renumbered to 28 U.S.C. § 1915(e)(1)). A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id.* The likelihood of Plaintiff's success on the merits is unclear at this point and Plaintiff has been able to articulate his claims *pro se*. The requests for appointment of counsel is therefore denied for lack of exceptional circumstances without prejudice to the Court *sua sponte* appointing counsel in the future should the circumstances so require. ECF No. 19.

This order terminates ECF Nos. 18, 19.

**IT IS SO ORDERED.**

Dated: October 16, 2023



JON S. TIGAR
United States District Judge