UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL NIETO,<br><br>    Plaintiff,<br><br>    v.<br><br>KATHLEEN ALLISON, et al.,<br><br>    Defendants. | Case No. 22-cv-06983-JST<br><br>**ORDER DENYING RENEWED REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>Re: ECF No. 30 |

Plaintiff has filed a renewed request for appointment of counsel. ECF No. 30. The Court previously denied Plaintiff's request for appointment of counsel on October 16, 2023, for lack of exceptional circumstances. ECF No. 23. In his renewed request for appointment of counsel, Plaintiff requests that the Court reconsider its denial, stating that recent health reports support his claims of mental and physical limitations that support a finding of the requisite extraordinary circumstances. Plaintiff has provided the Court with a January 11, 2024 Mental Health Treatment Program IDTT notes, stating that the notes support his claims that (1) he suffers trauma from the sexual assault at issue and that it is mentally, physically, and emotionally taxing to relive these events to prepare for the case; and (2) he has severe physical and mental health issues that affect his ability to prosecute this action because his mobility is limited and he has trouble focusing and concentrating. Plaintiff has also provided the Court with an MRI report that indicates that he has small vessel ischemia, which he alleges impacts his ability to focus, concentrate, and remember. *See generally* ECF No. 30.

The Court's denial of Plaintiff's initial request for appointment of counsel took into account Plaintiff's physical health and mental health, and credited Plaintiff's descriptions of the severity of his conditions. Plaintiff's condition has not changed since the Court denied the initial

1 request for appointment of counsel.  At this stage in the action, the likelihood of Plaintiff's success
2 on the merits is unclear, and the legal issues involved are not complex.  Thus far, Plaintiff has ably
3 articulated his claims despite his challenges.  The Court therefore DENIES Plaintiff's renewed
4 request for appointment of counsel for lack of exceptional circumstances without prejudice to the
5 Court *sua sponte* appointing counsel in the future should the circumstances so require.  ECF No.
6 30.  *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004) (finding
7 of "exceptional circumstances" requires evaluation of likelihood of plaintiff's success on merits
8 and evaluation of plaintiff's ability to articulate claims *pro se* in light of complexity of legal issues
9 involved).

10   This order terminates ECF No. 30.

11   **IT IS SO ORDERED.**

12 Dated:  February 27, 2024



JON S. TIGAR
United States District Judge